UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THEODORE K. DAVIS JR.
Individual,

Plaintiff,

vs

KIM M. DAVIS
Individual,

Defendant,

Case No: 2:23CV57-SPC-NPM

28 USC 1441: REMOVAL OF CIVIL ACTIONS
MOTION TO VACATE JUDGEMENT
RELIEF OF JUDGEMENT
BREACH OF CONTRACT
$5^{th}/14^{th}$ AMENDMENT, DUE PROCESS VIOLATIONS
FRAUD/FRAUD UPON THE COURT

### PURSUANT 28 USC 1441

Pursuant to Federal Rules of Civil Procedure and United States Codes, I, THEODORE K DAVIS JR., Plaintiff, hereby moves this court to vacate all lower court orders in Butler County, Ohio, case, DR2013-12-1277 including the agreed entry order of 2014 (Mediated Agreement) 28 USC 1441, further states:

This court is the proper jurisdiction for these violations to be heard. The listings below are true and accurate.

### BASIS FOR JURISDICTION

(1) These violations involve question of the Federal Law.
(2) Diversity Jurisdiction: Complete diversity exists. The Plaintiff lives in Florida, the Defendant lives in Texas.
(3) The amount exceeds $75,000.00.

The Court has jurisdiction to hear and decide this Motion. 4 Mahone v. Ray, 326 F.3d 1176, 1180 [*10] (11lth Cir. 2003). Federal Rule of Civil Procedure 60 3(b), **allows a party to obtain relief from a final judgment upon a showing of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party."** Although relief is within the discretion of the district court, the Rule "is remedial and should be liberally

construed." Rozier v. Ford Motor Co., 573 F.2d 1332, 1346 (5th Cir. 1978) (citation omitted). To prevail on a Rule 60(b)(3) motion in this circuit, the movant must establish by clear and convincing evidence "**that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case.**" Harre v. A.H. Robins Co., 750 F.2d 1501, 1503 (11th Cir. 1985). See also Rally Mfg., Inc. v. Mr. Gasket Co., No. 87-1533, 1992 U.S. Dist. LEXIS 20681, at *15-16 (S.D. Fla. June 12, 1992) (citation omitted).

**This is a case, where the evidence proves beyond a reasonable doubt, a standard greater than clear and convincing, that fraud and misconduct occurred.** Nevertheless, Plaintiff asserts that the correct evidentiary standard for a Rule 60(b)(3) motion is preponderance of the evidence. **The Supreme Court emphasized** in Grogan v. Garner that most **federal fraud laws do not require proof by clear and convincing evidence, but only by a preponderance of the evidence.** 498 U.S. 279, 288-89 (1991). Therefore, absent a clear statement from Congress or the Supreme Court, the correct evidentiary standard for Rule 60(b)(3) should be preponderance of the evidence.

Rule 60(b)(3) **does not require that the moving party show that the result in the case would have been different absent aimed at judgments which were unfairly obtained, not at those which are factually incorrect.") the fraud or misconduct. See Rozier, 573 F.2d at 1339 (stating, "[t]his subsection of the Rule is; Anderson v. Cryovac, Inc., 862 F.2d 910, 924 (1st Cir. 1988) (The misconduct of the adverse party "need not be result-altering in order to merit Rule 60(b)(3) redress."). The moving [*12] party need only show that the fraud or misconduct prevented the movant from fully and fairly presenting its case, or that if it had known of the fraud or misconduct, it would "have made a difference in the way [they] approached the case or** prepared for trial." Rozier, 573 F.2d at 1342 (quotations omitted).

This Court may also grant the Plaintiff relief under Rule 60(b)(2). In order to grant relief under Rule 60(b)(2), Plaintiff must show that: "(1) the evidence must be newly discovered since the trial; (2) **due diligence on the part of the movant to discover the new evidence must be**

**shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result."**

Waddell v. Hemerson, 329 F.3d 1300, 1309 (llth Cir. 2003)(citation omitted).
"When ruling on a Rule 60(b) **motion, this Court takes as true the movant's factual assertions.**" Sierra Club, Inc. v. Leavitt, No. 4:04cv120, 2005 U.S. Dist. LEXIS 35569, at *4 (N.D. Fla. Oct. 18, 2005). See also United States v. Denham, 817 F.2d 1307, 1309 (8th Cir. 1987) [*13] (reversing the district court's denial of a Rule 60(b) motion, stating that in considering a Rule 60(b) motion, the court is "entitled to assume that the movant's factual allegations are true, as on a motion to dismiss).

<u>**STATEMENT OF CLAIM**</u>

<u>**BREACH OF CONTRACT BY THE DEFENDANT AND BY THE COURT**</u>

Plaintiff and Defendant entered into a Mediated Agreement which was incorporated into an agreed entry filed in Butler County Ohio court on the 12th day of December 2014. This agreement put conditions/limitations and retained jurisdiction on spousal support only. This is a limited jurisdiction based on gross income of both parties only and addressed the handling of attorney fees.
Upon the filing of the agreed entry the mediation agreement was a legally binding contract.*(EXHIBIT A)*.

Defendant achieved a 35% increase over her base salary within 60 days of the execution of this agreement.

Defendant had a duty to inform the court of this increase, which she intentionally neglected to disclose. Since the party's income is the basis of this contract the breach is material and anticipatory. Defendant, through her actions, words and failure of performance under the contract is so significant that the aggrieved party is relieved of a duty of future performance under the contract.

The party's mediated agreement (contract) could be opened if either party had an increase/decrease of 35% based on permanent gross income.

Divorce modifications are permitted only if specified in the decree or the parties have an agreement which specifically states that fact.

Courts must adhere to the wishes that the parties agreed to in a legal binding contract, **ORC 3105.18 (F)(2)**.

Mediated Agreement section relevant to this case:

6.a "Both parties agree that they are barred from filing any motion to modify spousal support unless:

- A. a. The other party has a 35% increase or decrease in their permanent base salary... If the moving party loses such a motion to modify, the moving party will pay the prevailing party's reasonable attorney fees and costs reasonably incurred."

Defendant's counsel filed to modify support on 3/9/17 *(Exhibit I)* which they agreed **Defendant achieved over 35% more income, which in reality, was 47% more. The Defendant is the moving party.**

Defendant asked the court for the original amount in support due to medical bills and that the Defendant did not get to work overtime anymore. Defendant, also asked for attorney fees which they cannot ask for per the agreement, since Defendant opened the case. Attorney fees are addressed in the agreement, which is clear and precise. See attached letter from Plaintiff's previous attorney, 5/16/17, *(EXHIBIT B)*, in which Plaintiff, by and through counsel, tried to come to a mutual agreement out side of court.

This was their only basis for the entire reasoning for the modification. Plaintiff's arguments:

(1) Medical bills are not part of the agreement. Defendant has employer provided medical coverage. Defendant provided no authentic proof of bills or medical condition.

(2) **Agreement was based on gross salary only, no overtime.**

(3) Upon testimony from ex-spouse testified she is in a salary position only and has never earned overtime. Thus, makes Defendant's modification motion frivolous and therefore, proves the Defendant had no intention of abiding by the Agreement.

The Defendant did not prevail on their motion, *(EXHIBIT I)* in which the judge did not increase the amount of support to be paid to the Defendant by the Plaintiff. Defendant increase her income over 47% and yet the trial court failed to reduce or terminate spousal support, which was injustice to the Plaintiff.

Thus, according to the 2014 agreement mentioned above, *(EXHIBIT A, page4 para 6.a)* the Defendant, moving party, was to be held responsible for the payment of the Plaintiff's attorney fees. Following the same faulty logic as to the filing of Defendant's motion, the judge ordered the Plaintiff to pay the attorney fees of the Defendant, even though she did not prevail in her motion.

The trial court ordered, 1/19/18, attorney fees to ex spouse of $10,220.00, described as "spousal support", thus the Court breached the Mediated Agreement agreement unenforceable and void. This agreement shall be deemed null and void since once breached you are no longer legally bound by the agreement. These fees are the subject of the 2/11/19 order in question, as well. *(EXHIBIT C)*

These above mentioned facts serves as the basis for subsequent orders from 1/19/18 which caused the Plaintiff to spend excessive amounts in attorney fees, both his and having to pay Defendant's attorney fees, and being subject to threats of jail, in which the Plaintiff was in full compliance of orders; whether if I agreed with or not. The order of 2/11/19, *(EXHIBIT C)* was obtained without any service to this Plaintiff, and this Plaintiff was coerced into signing an order under the threat of jail, which is unlawful.

**If a party enters into a contract under duress (Plaintiff was under the threat of jail) then that contract is considered illegal and unenforceable.** There was no service (Civil Rule 4(m)), and coercion was used to obtain this order in which; in which this Court can see, not only was it hand written, and states that the Plaintiff was in arrears in spousal support, which is a misrepresentation since it was for attorney fees, and I was never in arrears. Plaintiff was forced to pay, immediately, $5000.00 in attorney fees/spousal support to

opposing counsel, which is against Ohio law. This agreement/order has not been able to be challenged, until the filing of this complaint.

For this reason, The Plaintiff is seeking to have all orders, including the Mediated Agreement of 2014 vacated or void.

The newly discovered evidence since the trial, was realized after testimony from the Defendant in a court action in Butler County Ohio, which caused the Plaintiff to start investigating a claim that the Defendant settled an insurance claim on a vehicle accident in which the vehicle was in the Plaintiff's name. The Plaintiff was never notified and had no knowledge that an accident took place. During this investigation it was also discovered that the Defendant forged a check that had Plaintiff's name on it.

Defendant wanted to conceal this accident and claim that she hid from the Plaintiff and the trial court. The Defendant kept a PO Box in Fairfield Ohio, while residing in Texas. Defendant then changed Plaintiff's mail to go to her PO Box in Ohio, and then had it forwarded to her Bulverde TX PO Box. This is mail fraud.

Plaintiff has irrefutable evidence to this claim. Plaintiff then reached out to the insurance company to discover they had in fact mailed Plaintiff the check, since Plaintiff was the primary on the loan and the vehicle title. This check required both signatures on it. The insurance company was told by the Defendant that Plaintiff's address was P.O. Box in Fairfield Ohio. In fact, that address has never been the Plaintiff's address.

Mail fraud has been classified a federal offense and carries serious penalties. The insurance company sent Plaintiff a copy of the cashed check, front and back. Plaintiff's signature was signed by the Defendant. Plaintiff was not aware of this check, nor signed the check. Forgery is a crime.

The bank account Defendant deposited the check in was not an account disclosed to the court, thus **she had undisclosed bank account(s) and hidden assets.** Defendant signed a notarized

legal document disclosing all of her bank accounts, thus committed perjury by not including this account. Defendant claimed a $9,000.00 to $11,000.00 settlement in testimony, but could be more, and that settlement was not deposited in any disclosed account as well.

This was an intentional act to deceive the court and the Plaintiff.
Plaintiff's personal investigation also uncovered:
Defendant had hidden bank accounts not disclosed in prior court case. Defendant falsified

documents being used against Plaintiff in Butler County Court and presented fraudulent documents to the court as well.

Defendant had false medical letters and related documentation, mailing addresses, and an email that was being used without Plaintiff's knowledge; let alone permission. All of these fake accounts were found by the Plaintiff to be directly tied back the Defendant.

The Plaintiff proffers that there is solid evidence that the falsification listed above

were conducted by the named Defendant/s; leading proximally to financial, mental, and physical damage to the Plaintiff, mandating civil remedy.

Civil fraud is defined as: (a) a representation or, where there is a duty to disclose concealment of a fact; (b) which is material to the transaction at hand,; (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (d) with the intent of misleading another into relying upon it;

This discovery was due to the diligence on the part of the Plaintiff who discovered the new evidence. The evidence discovered is not merely cumulative or impeaching, but show a conscious disregard for the spirit and letter of the law.

The evidence is material because it goes to the heart of the Plaintiff's injuries of damages, and if a new trial occurred, evidence is such that a new result would occur.

### **FRAUD AND MISREPRESENTATION**

The Defendant moved to Texas in 2014, without proper notification to the court, in an

attempt to hide from the court and the Plaintiff, that the Defendant was gainfully employed in Texas.

Defendant was ordered to transfer the vehicle, titled in both party's names, to her name only, when the vehicle was paid in full. She failed to do so, for over a year, after the vehicle was paid off.

Defendant changed registration of the vehicle without the Plaintiff's knowledge or permission, and removed the Plaintiff off the vehicle's insurance policy in 2014.

This action put liability on the Plaintiff. *(EXHIBIT G)*

Defendant, after being charged with contempt of an order, attempted to title the vehicle in Texas in 2019. However, the Texas DMV would not accept the divorce decree that Defendant used to register the vehicle in 2014, because there were signatures missing and the VIN number did not match the vehicle.

Instead of simply requiring the Plaintiff to sign the title over to the Defendant, as instructed in the divorce decree, Defendant, through counsel, decided to handle the matter in their own way.

During the Defendants contempt hearing, the Defendant testified that she had to wait in the parking lot, after talking with her attorney, for over 2 hours to receive paperwork. This was very perplexing to the Plaintiff which prompted him to contact the Texas DMV and ask how they transferred a title without his signature. Texas DMV provided the paperwork the Defendant submitted to them, which was a different decree that she used to register the vehicle in 2014. The paperwork from Texas clearly shows that a document was faxed from the Butler County Clerk's office.

Butler County Clerks office will not and is not permitted to fax a divorce decree, however, someone did. The fact is there are now two (2) certified divorce decrees dated September 2014. *(Exhibit D Exhibit E)*

Please note the handwriting of the vin number, on page 5, and it's specific characters. The Plaintiff was asked to write in the VIN number on the original decree, and the Plaintiff did not write in the VIN number on the second decree.

Now note page 5 (*Exhibit E*). The VIN number is now correct, but in a different handwriting. Attached is the paperwork of the original decree used in the change of registration in Texas by the Defendant in 2014 *(EXHIBIT G)* and a different decree was used, by the Defendant, in Texas in 2019, to have the title transferred into her name. This is indisputable that there ARE two "certified" decrees issued by the trial court.

- A. There can only be one original decree
- B. The fraudulent decree, that is now filed in the Butler County Clerk office has a different signature for the Judge.(fax lines exist on the fraudulent decree) The original decree was missing opposing counsel's signature and the fraudulent decree now has an opposing counsel signature, that appears to be forged.
- C. No changes can be made without all parties consent and signatures and would have to be approved and refiled. Docket shows only one decree sent to all parties. So there was no amended or second decree.
- D. Both decrees have stamps of approval from Mary Swain Clerk of Courts and Case Management, on the same day. (Only one decree could have been approved on that day)

Plaintiff's previous attorneys will testify to the fact that the decree the Defendant used to register the vehicle, dated 9/29/14 and mailed on 9/30/14 is the only decree issued, therefore the second one is fraudulent.

To create/alter a divorce decree took the collusion and collaboration of the Judge, opposing counsel, Defendant, Clerk of Courts and Case Management, to perpetrate Fraud upon the Court.

***Fraud upon the court is one of the most serious offenses that can occur in a Court of Law and voids all judgements. The simple fact that a second decree exists is cause to void and vacate all orders.***

## **FRAUD/FRAUD UPON THE COURT**

Discovering the fraudulent divorce decree led the Plaintiff to look up the C-16's filed in his case. Evidence will prove that the Judge and opposing counsel deliberately hid and did not disclose mandatory C-16's to the Plaintiff or his counsel.
After Plaintiff's discovery, the Judge had the C-16's dated in 2014 filed on the docket in 2020. Withholding this evidence intentionally to deceive, is another act of fraud on the court.
It's a violation of Judicial Conduct Rule 2.9(6) ***which did give the Defendant a procedural, substantive, and a tactical advantage.***

The Plaintiff with the evidence to support the claim of the 2 different decrees, and undisclosed/hidden C-16's, and with proof that the trial judge had deliberately lied to the Chief Justice of the Supreme Court of Ohio, the Plaintiff filed another Disqualification to remove the trial Judge in 2020, the Judge removed herself in March, 2020. Evidence will support that Fraud upon the Court continued under the visiting Judge as well and this evidence will be clear and convincing proof that the judiciary function is broken and the level of corruption of all parties to stoop to this level is very disturbing over what should have been a simple modification.

Noting the Clerks office and all parties are capable of altering documents, manipulating timelines, certification of documents, when mailed do not match dates and deliberately keeping court dates and orders from Plaintiff's counsel and Plaintiff, calls into question the validity and the authenticity of any documents in the Plaintiff's case. *(EXHIBIT F)*
is a document that demonstrates another act of Fraud upon the Court where Clerks are certifying documents that are mailed on certain dates, when in fact they are mailed weeks later, or not at all. Some certifications says documents are mailed when the order certified had not been filed with the Clerk of Court. The attached document shows that the
order is dated 5/11/21, page 2, the Clerk certifies that is was mailed 5/20/21, page 1 shows the Clerk recorded the document on 5/24/21, so it's impossible to mail a document on 5/20/21 that's not filed until 5/24/21. In reality, the envelope clearly shows the Clerk mailed a legal

order on 5/27/21, for a court hearing on 6/1/21. Which means the Plaintiff would not have received the document before the 6/1/21 hearing. The fraudulent document speaks for itself.

**<u>Intentionally failing to inform parties of necessary appointments or requirements as an effort to impede the judicial process, would be construed as Fraud upon the Court.</u>**

   **Plaintiff only needs one act of fraud to vacate orders and there are multiple acts of fraud**.

"Fraud upon the court" has been defined by the 7th Circuit Court of Appeals to <u>*"embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication*</u>. "Kenner v C.I.R., 387 F.3d 689 (1968); 7 Morre's Federal Practice, 2d ed., p. 512 para 60.23. The 7th Circuit further

stated "a decision produced by <u>fraud upon the court is not in essence a decision at all, and never becomes final"</u>.

## JURISDICTION AND DUE PROCESS VIOLATIONS

   Law "requires if the service process is not perfected the court lacks personal jurisdiction to hear that case."One of the most significant Constitutional guarantees is Due Process of the Law.

   There are 2 provisions of the Federal Constitution relating to Due Process of Law.
The 5th and the 14TH Amendments.
Law is clear: Service on the party is REQUIRED for contempt proceedings. This mandatory Civil Rule was just ignored by the trial court. Without service there cannot be a hearing. Therefore, these actions must be vacated/void by law.

<u>"Jurisdiction" means the court's statutory or constitutional power to adjudicate a case on the merits. It denotes the authority conferred by law on the court to exercise its judicial power in</u>

<u>a case or controversy before it. Jurisdiction does not relate to the rights of the parties, but to the power of the court, and it is a condition precedent to a court's ability to hear a case.</u>

Butler County Domestic court retained jurisdiction for spousal support only and even that was a **limited jurisdiction** per the Mediated Agreement, (*EXHIBIT A pg.4 Para 6*)

On June 23,2020 the Defendant filed to declare Plaintiff a vexatious litigant. **Defendants are not vexatious in nature.** When the visiting judge heard this vexation complaint, filed 6 days before a hearing, and denied Plaintiff his motion to hear a support modification (which is the only issue the court could hear) it is clear that the trial court acted out of jurisdiction. All actions and or orders from 6/29/20 and after must be vacated or void per law.

Butler County Court and Defendant stopped all Due Process of Plaintiff appealing the 2/11/19 order, until the vexatious complaint was ruled on.
This was over 3 ½ years of waiting and paying on an illegal order, with no opportunity to be heard. It is time for a competent jurisdiction to address the injustice that has been inflicted over these years. All the Plaintiff ever asked for was for the right to a fair and unbiased tribunal, which was never afforded to the Plaintiff.

Declaring a vexatious litigant in no way falls under jurisdiction of support only, and quite simply <u>CANNOT</u> be heard. Butler County Domestic Relations was not the proper court to file a vexatious complaint. Butler County failed to follow any Federal Rules of Civil Procedure, which the Courts, Judges, and attorneys would be aware of these procedures. This is not a domestic court issue, and the trial court did not have subject matter jurisdiction.

Then the visiting Judge waited over 2 years to declare Plaintiff a vexatious litigant, to stop his Due Process from appealing any decisions. For such a serious allegation it is unheard of in a court of law, that with no jurisdiction and no service, a court would hear such a motion. Even more concerning his order awarded Defendant over $40,000.00 and called it back spousal support. This award is a blatant disregard for law and a willful act of retaliation.

How can one order spousal support in a non support hearing? How can one make it in

arrears, when it was just awarded? <u>Due Process requires a party must be heard before it condemns, and must have jurisdiction. If ever there was a case that falls under the category "exceptional circumstances", this case would qualify, for extraordinary relief.</u>

## CONCLUSION

This Court should question how is it possible that the Plaintiff and Defendant were previously married for 20 years with 2 children under 18, and in the final divorce the court awarded NO Spousal Support to Defendant? Custody of both children were awarded to the Plaintiff. Defendant was ordered to contribute to child support.

Both parties remarried in 2002, and with less than a 10 year marriage, and no children under 18, how is it possible that the Butler County Domestic Court awarded spousal support, indefinitely, to a Defendant with unlimited earning potential and the Plaintiff, who is a 100% Disabled Veteran, and has no opportunity to earn more income?

The Mediated Agreement was achieved/satisfied in February of 2015, by the Defendant earning over 35% more income. This agreement was breached by the Defendant and Court, and the Defendant has been unjustly enriched, since 2015.
The order dated 1/19/18 was obtained by fraud and all orders after need to be vacated/void.

The contempt order dated 2/11/19 never had the service perfected, Civil Rule 4, and could not be heard, and the order should be vacated, and all money paid on that order by the Plaintiff should be reimbursed to the Plaintiff. Since service was not perfected, the court lost personal jurisdiction of the Plaintiff. The order from 6/29/20, shows that the visiting Judge denied the Plaintiff to hear his support termination at the hearing. Instead the visiting Judge heard the vexatious claim, which is clearly the court acting in complete absence of jurisdiction and all actions after this date must be vacated.

Service was never perfected for the order of contempt dated 10/18/21, thus must be vacated along with stopping the garnishment of Plaintiff's Social Security Disability, which was done with no notice or Due Process to Plaintiff. *Civil Rule 4 (l) & (m)*.

The Plaintiff has paid spousal support for over 8 years to the Defendant who has more income than him, since 2015, which is not the purpose of spousal support.

Plaintiff won a venue change 1/5/17, in which the Defendant, nor her attorney, showed up to the hearing, yet the court overturned that decision, 4/3/17 with no evidence to support the decision. Then the court denied the Plaintiff his motion for a support modification, which is the only jurisdiction retained by Butler County Court. Also, **it is pure "insanity" to ask the Plaintiff to file any fraud claims in the very court that he is accusing of fraud, to hear their own case**. It would be clear to any objective party reading the orders of the trial court that these orders are in retaliation, spite, and show a total disregard for law.

**This Court must consider Due Process Violations, the trial court, lacking jurisdiction, insufficiencies of service process, Fraud and Fraud on the Court. Consideration should be given to trial court's failure to perform it's duties as required by law.**

When the Court ignores the Rule of Law innocent parties suffer. Rule of Law is a concept that the Court and citizen know the law and obey the law. These principles are threatened when the Courts bypass normal laws and procedures and exceed jurisdiction without any accountability.

*"If a spouse has engaged in financial misconduct, to include but not limited to, the dissipation, destruction, concealment, non disclosure, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award.*

*"If a spouse has substantially and willfully fail to disclose marital property, separate property, or other assets, debts, income, or expensed...the court may compensate the offended spouse with the distributive award or with a greater award..."*

On information and belief, the Defendant and the trial court acted with malice, ill will, or of a reckless disregard to the Plaintiff's rights, thereby, entitling the Plaintiff

to compensatory and punitive damages, along with overpayments of support since 2015 along with past and present attorney fees.

### REQUEST FOR REMEDY AND RELIEF

**WHEREFORE**, PLAINTIFF, THEODORE K DAVIS JR., humbly request:

1. Vacate all lower court orders since the 2014 Mediated Agreement
2. Vacate/Terminate 2014 Mediated Agreement, as being satisfied since 2015 and all spousal support terminated, and award the Plaintiff all overpayments of support, after February 2015, in excess of $113,400.00.
3. Award Plaintiff attorney fees past and present, in excess of $95,000.00
4. Immediately stop the garnishment of Plaintiff's Social Security Disability. See the Termination of IWO motion filed with this complaint.
5. And any punitive damages this Court deems appropriate.

Humbly Submitted

THEODORE K. DAVIS JR.
13435 S. McCall RoadUnit 16 #207
Port Charlotte, FL 33981
(941) 599-3700
teddavisjr@icloud.com

### CERTIFICATE OF SERVICE

I, THEODORE K. DAVIS JR., hereby Certify that a copy of this claim, through Process Server, to KIM M DAVIS @ 33300 Hwy 281 North, Bulverde, TX 78163.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep the current dress on file with the Clerk's Office my result in the dismissal of my case.

Theodore K. Davis Jr